**McCauley v. Pituch**

*Joan McCauley,* pro se.

*Richard J. Federowicz* and *Jason J. Zivkovic,* for defendant.

FRIEDMAN, *J.,* March 31, 2011—The captioned plaintiff appeals from our order dated January 7, 2011, whereby we sustained defendant's preliminary objections to the complaint and dismissed the complaint with prejudice. The basis for our order was that the issues had already been decided unfavorably to plaintiff in a previous case between the parties at GD 05-15482.

Both the prior case and the instant one arise out of reconstructive dental surgery Dr. Pituch performed on Ms. McCauley on July 7, 2003. That surgery allegedly was negligently performed, without her informed consent, and left her with severe problems, which, if true, might very well have warranted relief against Dr. Pituch. Unfortunately, plaintiff was not able to obtain the required expert testimony that would support either her allegations of negligence against Dr. Pituch or her allegation of battery, based on his alleged failure to advise her of the scope and risks of the surgery. At some point during the prior case, the attorney who had been representing her withdrew from the case, and plaintiff was not able to obtain a new attorney during the 60-day period permitted (during which the case was effectively stayed) nor was the expert she had obtained able to give the necessary opinion regarding the conduct of Dr. Pituch. The entry of judgment against plaintiff and in favor of Dr. Pituch and other defendants in the prior case was upheld on appeal on July 27, 2009.

Plaintiff commenced the instant action on June 24, 2010. Her complaint in this case asserts two counts, one for fraud and one for unfair trade practices and violation of the Consumer Protection Law (UTP/CPL). These counts all arise out of the same dental surgery. The fraud is said to consist of Dr. Piruch's allegedly having "altered and fabricated medical records and billing statements so as to cause a double billing and excessive payment for unnecessary services rendered," which was allegedly done "so as to increase fees chargeable against [a $30,000 grant]" he had "facilitated...for [her] dental care." The other acts said to make out the fraud count are all the acts of negligence and battery that were part of the prior case. The harm for both counts is said to be the same harm she allegedly suffered in the prior case.

Accepting as true every material fact in plaintiff's instant complaint, and taking judicial notice, as we must, of the record in the prior case (with which we also had some involvement, coincidentally), we properly concluded that this case is barred by the doctrines of res judicata and collateral estoppel. We correctly refused to allow the current attempt to obtain compensation from Dr. Pituch to go forward, based on the perceived wrongs that caused plaintiff such injury. Calling the same conduct fraud and asserting it violates the UTP/CPL does not make the current action viable, no matter how serious the injury or how sad plaintiff's current state may be.

The order complained of was properly entered and should be affirmed.